1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  STEPHANIE WARCHOL AND J.M., by          No.  1:17-cv-00106-DAD-MJS
    and through his Guardian ad Litem
12  STEPHANIE WARCHOL,

13              Plaintiffs,                  ORDER GRANTING PLAINTIFFS' MOTION
                                            TO APPROVE SETTLEMENT
14       v.
                                            (Doc. No. 33)
15  KINGS COUNTY OFFICE OF
    EDUCATION, JOYCE BINGHAM,
16  DAMIEN PHILLIPS, and DOES 1-30,

17              Defendants.

18

19          This matter is before the court on plaintiffs' motion to approve the parties' settlement.  On

20  March 6, 2018, this motion came before the court for hearing.  Attorney Todd Boley appeared on

21  behalf of plaintiffs Stephanie Warchol and J.M.  Attorney Gregory Lee Myers appeared on behalf

22  of defendants Kings County Office of Education, Joyce Bingham, and Damien Phillips.  After

23  reviewing the petition and terms of the written settlement agreement, and having heard from

24  counsel, the court finds that the proposed settlement agreement is fair and reasonable. The court

25  therefore will grant plaintiffs' motion to approve the settlement.

26                                  **BACKGROUND**

27          In the complaint, plaintiffs allege as follows.  Plaintiff J.M., a minor who resides in Kings

28  County, has previously been diagnosed with autism and is non-verbal.  (Doc. No. 1 at ¶¶ 1, 12.)

                                            1

During the 2015–2016 school year, J.M. attended Shelly Baird School's Day Classroom, a school within the Kings County Office of Education ("KCOE") dedicated to students who have complex and intensive education needs. (*Id.* at ¶ 13.) During all relevant time periods, defendant Phillips was principal of Shelly Baird School, while defendant Bingham was a special education substitute teacher employed by KCOE. (*Id.* at ¶¶ 4, 5.) Plaintiff alleges that over the course of the 2015–2016 school year, plaintiff J.M. was subjected to ongoing verbal and physical abuse by defendant Bingham. (*Id.* at ¶ 16.) This included an incident on September 10, 2015, in which defendant Bingham repeatedly kicked J.M. while he was in the prone position on the floor. (*Id.*) Plaintiffs allege that defendant Phillips and KCOE staff possessed knowledge of such abuse, and that KCOE's training of its employees was inadequate. (*Id.* at ¶¶ 14, 15, 17, 18.)

Plaintiffs' complaint alleges claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act of 1973. On February 5, 2018, plaintiffs filed the instant motion. (Doc. No. 33.) Defendants have not filed an opposition.

## LEGAL STANDARD

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a special duty "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181.

In *Robidoux*, the Ninth Circuit provided specific guidance "on how to conduct this independent inquiry." *Id.* While the Ninth Circuit noted that district courts have typically applied state law and the local rules governing the award of attorney's fees to make the reasonableness and fairness determination, the court held that "this approach places an undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id.* The Ninth Circuit held that, district

2

courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82. Further, the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)).

Local Rule 202(b) sets forth that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Local Rule 202(b)(2) further provides in pertinent part that an application for approval of a settlement of a minor:

> shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . .

## DISCUSSION

### A.     Terms of the Settlement

The parties have agreed to settle the claims of J.M. and his guardian for the total sum of $100,000. (Doc. No. 33 at ¶ 17.) Of that amount, $20,000 is to be allocated to plaintiff Stephanie Warchol, with the remaining $80,000 to be allocated to plaintiff J.M. (*Id.*)

Plaintiffs incurred litigation costs in the amount of $4,389.60. (*Id.* at ¶ 18.) Applying the 80/20 distribution above, the settlement subtracts 80% of the litigation costs from plaintiff J.M.'s gross recovery, and 20% from plaintiff Stephanie Warchol's gross recovery. (*Id.*) This provides plaintiff J.M. with $76,488.32, and provides plaintiff Stephanie Warchol with $19,122.08.

Plaintiffs retained the Law Offices of Peter Alfert, PC, and the Law Offices of Todd Boley to represent them in this action. (*Id.* at ¶ 19.) Plaintiffs and their attorneys had initially agreed to an award of 25% of the gross recovery achieved before trial on behalf of plaintiff J.M., and 33

1/3% of the gross recovery achieved before trial on behalf of plaintiff Stephanie Warchol. (*Id.*) However, counsel have agreed to reduce plaintiff Stephanie Warchol's fee to 25% of the gross recovery. (*Id.*)

In sum, plaintiff J.M.'s gross recovery of $80,000 will be reduced by $3,511.68 to account for litigation costs, and by a further $20,000 to account for attorneys' fees. (*Id.* at ¶ 20.) Plaintiff J.M. will therefore receive a net recovery of $56,488.32. (*Id.*) Plaintiff Stephanie Warchol's gross recovery of $20,000 will be reduced by $877.92 to account for litigation costs, and by a further $5,000 to account for attorneys' fees. (*Id.* at ¶ 21.) Plaintiff Stephanie Warchol will therefore receive a net recovery of $14,122.08. (*Id.*)

Plaintiffs request that the net settlement proceeds for J.M. be placed into an account established pursuant to the Stephen Beck Jr., Achieving a Better Life Experience Act of 2014 (the "ABLE Act"). (*Id.* at ¶ 22.) The ABLE Act limits eligibility to individuals with significant disabilities with an age of onset of disability before turning 26 years of age. (*Id.*) No more than $15,000 may be deposited into an ABLE Act account each calendar year. (*Id.* at ¶ 23.) Accordingly, plaintiffs propose the following deposit schedule:

1. $14,950 within 30 days of approval of this motion;

2. $15,000 on March 1, 2019;

3. $15,000 on March 1, 2020;

4. $11,538.32 on March 1, 2021.

**B.      Reasonableness of Settlement**

As stated above, district courts reviewing proposed settlement agreements are instructed to "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. The court will therefore assess whether plaintiff J.M.'s net recovery of $56,488.32 is fair and reasonable under these guidelines.

This action has been pending before this court for over a year, during which time the case have been fully investigated. Plaintiffs' attorney has submitted a sworn declaration averring that

defendants would likely have contested liability and damages at trial, and would also have argued that plaintiff J.M. did not suffer any lasting injuries as a result of defendants' alleged conduct. (*Id.* at ¶ 27.) Moreover, plaintiff J.M. never sought any treatment for these injuries, nor did the Kings County District Attorney elect to file charges against any of the defendants for their alleged conduct. (*Id.* at ¶ 28.) The court concludes on the basis of these facts that plaintiffs' eventual monetary recovery at trial was far from certain.

The court has also examined cases brought in the Eastern District of California with similar factual allegations, and finds that the net recovery in this case is in line with other net recoveries in this district. *See Brooks v. Fresno Unified Sch. Dist.*, No. 1:15-cv-00673-WBS-BAM, 2015 WL 9304862, at *2 (E.D. Cal. Dec. 22, 2015) (approving net settlement payment of $300,000 to minor based on allegations that plaintiff's teacher placed plaintiff in a cage-like enclosure for extended periods without justification); *D.C. ex rel. T.C. v. Oakdale Joint Unified Sch. Dist.*, No. 1:11-cv-01112-SAB, 2013 WL 275271, at *3 (E.D. Cal. Jan. 23, 2013) (approving net settlement payment of $30,000 to minor based on allegations that plaintiff's teacher used restraints and other punishments on minor, resulting in a sprained ankle in one instance); *T.B. v. Chico Unified Sch. Dist.*, No. 2:07-cv-00926-GEB-CMK, 2010 WL 1032669, at *2 (E.D. Cal. Mar. 19, 2010) (approving net settlement payment to minor of $16,500 based on allegations that plaintiff was "subjected to unnecessary force").

Having reviewed all of the facts of this case, the court therefore finds the net recovery of plaintiff J.M. to be fair and reasonable.

## CONCLUSION

For the reasons set forth above,

1. Plaintiffs' motion to approve of the settlement (Doc. No. 33) is granted;

2. Defendants are to make deposits into an Enable Savings Plan (ABLE), P.O. Box 30275, Omaha, NE 68103-1375, account No. 907277628-01 for the benefit of J.M., as follows:

    a. $14,950 within 30 days of approval of this motion;

    b. $15,000 on March 1, 2019;

c. $15,000 on March 1, 2020; and

d. $11,538.32 on March 1, 2021;

3.  Defendants are to make a deposit in the Todd Boley Client Trust Account in the amount of $43,511.68; and

4.  The parties' final dismissal documents shall be filed with the court within thirty days of this order.

IT IS SO ORDERED.

Dated:  __**March 6, 2018**__

_____
UNITED STATES DISTRICT JUDGE